JULIA QUIÑONES MARTORELL, Plaintiff and Appellee, v. PORTO RICO BISCUIT CO., ETC., Defendant and Appellant.

No. 5272. Argued December 2, 1931.—Decided February 26, 1932.

R. Aponte for appellant. F. Otero Rivera for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The foregoing title was repeated in the body of the complaint filed, and in the first paragraph of the said complaint the averment was made that Juan Arbona, under the trade name of the Porto Rico Biscuit Co., did business in Yauco. After a trial, the District Court of Ponce, on appeal from the Municipal Court of Yauco, rendered a judgment for damages

in the sum of $445 against the defendant, the Porto Rico Biscuit Company. The defendant was charged with having backed a truck on the carriage of the plaintiff, causing damages to her personally and also to the carriage.

We are without a separate assignment of errors in this case, but the so-called last error of the appellant took on this composite form: "That the Court erred in pronouncing judgment against the Porto Rico Biscuit Co. and it erred in admitting incompetent evidence as to its existence". The court did in fact err. in rendering judgment against the Porto Rico Biscuit Company, inasmuch as the whole record shows that the true defendant was Juan Arbona. Not only did the documentary and oral evidence show that the Porto Rico Biscuit Co. had been dissolved and that the business was being done by Juan Arbona, trading as the Porto Rico Biscuit Co., but the defendant and appellant ultimately conceded that fact. During the progress of these proceedings the appeal was dismissed. The appellant came in with a motion to reinstate the case, and prevailed. In an affidavit of the attorney for the defendant to cause the reinstallation, filed on January 26, 1931, the affiant set forth that he was the attorney of Juan Arbona in the present suit which was finally decided against the said defendant. We have no question, therefore, that the real defendant was Juan Arbona, and the judgment of the court below could be corrected so that instead of running against the Porto Rico Biscuit Co., it should read "Juan Arbona, trading as the Porto Rico Biscuit Co."

Given the absence of an assignment of errors and the form of the particular assignment, we shall not give any greater consideration to the supposed error of the court in admitting public documents showing in whose name the truck causing the accident stood. The fact stands out clearly that Juan Arbona was the owner of the truck, and so he admitted to at least one of the witnesses of the plaintiff.

The first assignment of error *prima facie* seems to have some merit. It sets up in effect that the court erred in fixing

as the negligence of the defendant the fact that his chauffeur Angel Sabater did not have a license.

We agree with the appellant that a person might be an expert chauffer and still not have taken out a license, and also that to recover in this case the plaintiff had no right to rely on such a ground of negligence. From the whole evidence and the opinion of the court it will be seen, however, that the court repeats the averments of the complaint that the accident was due to the chauffeur of the defendant suddenly reversing his engine and that said chauffeur caused the damage to the plaintiff. It is evident that what the court had in mind was that the failure to take out a license was some evidence of the incapacity of the chauffeur, and this is frequently true. The evidence, however, was clear that the accident took place on a narrow street due to the defendant's chauffeur backing the truck into the carriage of the plaintiff.

Where the whole evidence shows a defendant's negligence and the court makes a general finding against the said defendant, we are not disposed to reverse the judgment because of erroneous expressions in the opinion of the court.

The other assignments of error relate to the measure of damages. Perhaps some of the awards of damages were mistaken but others might be increased. In the absence of a due assignment of errors we shall not enter into these details because we are not convinced of any real injustice.

The judgment should be modified as above stated and as modified affirmed.